**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HENRY JOE DENT, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0139-Y** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Henry Joe Dent, Jr., TDCJ-ID #929233, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In August 1999, Dent was charged with capital murder in the death of Edward Gibbons in

cause no. 0730958D in Tarrant County, Texas.  (State Habeas R. at 81.)  On June 8, 2000, a  jury found Dent guilty of the lesser included offense of murder and assessed his punishment at life imprisonment.  (*Id.* at 82.)  Dent appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Dent's petition for discretionary review.  *Dent v. Texas*, No. 2-00-220-CR, slip op. (Tex. App.–Fort Worth Oct. 17, 2002); *Dent v. Texas*, PDR No. 2185-02.  Dent did not seek writ of certiorari.  (Petition at 3.)  Dent has filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court after hearing.  *Ex parte Dent*, No. 60,661-01, at cover.  Dent filed this federal petition for writ of habeas corpus on January 31, 2005.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The evidence at trial established that Gibbons began dating Sharon Becan, Dent's on-again-off-again girlfriend, several months before his death.  Becan lived in the same apartment complex as Gibbons and spent nights at Gibbons apartment.  (5Reporter's R. at 12.)  The two talked about marriage, and several days before his disappearance Gibbons changed the designated beneficiary on a $20,000 life insurance policy to Becan.  (*Id.* at 14-18, 78, 84.)  On the morning of March 4, 1999, Gibbons left for work at approximately 4:45 a.m., but he never arrived at work or returned home.  (*Id.* at 31.)  On the afternoon of March 6, 1999, his body was discovered in his car in an Eckert's parking lot less than a mile from his apartment.  (4Reporter's R. at 105.)  He had been stabbed and cut thirteen times with a knife.  (*Id.* at 130-54.)  The car had been parked in the same sport in the Eckert's parking lot since before 7:00 a.m. on the morning of March 4.  (*Id.* at 67-69.)  Dent's DNA was found inside the car and on articles of Gibbons's clothing.  (5Reporter's R. at 260-

69; State Habeas R. at 52-53.)  The DNA of an unknown individual was also found in the car and

on the door and door jam of Gibbons's apartment.  Dent and Becan continued to see one another

both before and after Gibbons death.  (5Reporter's R. at 39-43.)  The state's theory at trial was that

Dent and Becan orchestrated Gibbons's death for the insurance proceeds or that Becan conspired

with Dent after the fact to hide Dent's involvement.  (Reporter's R. at 62-68.)  The defense's theory

was that Dent did not commit the offense and had been at his parents' home in Levelland on the

date in question.

### D.  ISSUES

In five grounds, Dent raises the following claims:

(1)     The trial court abused its discretion by issuing a search warrant without
        sufficient probable cause; and

(2)     He received ineffective assistance of trial counsel.  (Petition at 7-8.)

### E.  RULE 5 STATEMENT

Dretke does not believe Dent's claims are barred from federal habeas review by the statute

of limitations, a failure to exhaust state remedies, a procedural bar, or non-retroactivity.  (Resp't

Answer at 2.)

### F.  DISCUSSION

### 1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions.  *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte*

*Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Search Warrant

Under his first ground, Dent claims the state magistrate abused his discretion by issuing an evidentiary search warrant to seize his blood, hair, and saliva samples for DNA testing without an affidavit establishing probable cause, in violation of his Fourth Amendment rights.  (Petition at 7; Pet'r Memorandum in Support at 7-9.)

A federal court is generally barred from reviewing Fourth Amendment claims on habeas review.  *Stone v. Powell,* 428 U.S. 465, 494 (1976).  Where a state affords sufficient opportunity to litigate a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure.  *Id.* at 489-95.  Dent raised his Fourth Amendment claim in his state habeas application for the first time. Notwithstanding Dent's failure to raise the claim during the trial court proceedings or on direct appeal, the state habeas court appears to have considered the claim on the merits and concluded that Dent had failed to prove that his blood was drawn illegally.  (State Habeas R. at 76.)  Dretke argues that the claim should be barred by *Stone* because the state provided an opportunity for full and fair litigation of the claim, regardless of whether Dent took advantage of that opportunity.  (Resp't Answer at 5.)  Dent asserts that the claim was not raised at trial or preserved for review due to ineffective assistance of counsel and that the hearing by affidavit in the state habeas proceeding was inadequate to afford him a full and fair hearing on his claim.  (Pet'r Resp. at 2; Pet'r Memorandum in Support at 10-12.)

Contrary to his assertion, Dent had a full and fair opportunity to litigate his claim in the state courts, and *Stone* bars relitigation of the issue here.  *See Janecka v. Cockrell*, 301 F.3d 316, 320-21

(5th Cir. 2002), *cert. denied*, 123 S. Ct. 1264 (2003). A paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying his claim, especially where as here, the trial court and the state habeas court were one and the same. *See Hill v. Johnson*, 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000); *Perillo v. Johnson*, 79 F.3d 441, 446-47 (5th Cir. 1996).

Moreover, even if *Stone*'s restriction on federal habeas review of Fourth Amendment claims does not extend to relevant ineffective-assistance-of-counsel claims, Dent has not demonstrated a meritorious Fourth Amendment claim. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The state habeas court found that a warrant was issued for the seizure of Dent's blood, saliva, and hair, that Dent was aware of the warrant, and that Dent and his counsel determined they would not challenge the taking of Dent's blood on constitutional grounds because the warrant existed. (State Habeas R. at 74.) The court further found that Dent had failed to prove the search warrant for the seizure of his blood was not valid, that his blood was drawn illegally, or that counsel should have objected to the seizure of his blood. (*Id.* at 77.) Dent provides no new evidence in this federal proceeding to rebut the state court's findings. The record reflects that the state furnished Dent's counsel with all search warrants and affidavits. (Clerk's R. at 33.) A copy of the "Evidentiary Search Warrant for Blood, Saliva, and Hair" is included in the record, but there is no copy of the supporting affidavit. (State Habeas R. at 64.) Thus, even if the court were to consider Dent's claim, it would be impossible to determine the actual basis for the probable cause finding.

### 3. Ineffective Assistance of Counsel

Under grounds two through five, Dent contends he received ineffective assistance of trial counsel because counsel failed to (1) investigate, assert and preserve his Fourth Amendment claim,

(2) call alibi and character witnesses, (3) investigate and provide a viable defense to the blood evidence, and (4) request an independent expert to examine and test the blood evidence. (Petition at 7-8; Pet'r Memorandum in Support at 10-24.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland.* 466 U.S. at 688. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89.

Dent raised his ineffective assistance claims in his state habeas application. Pursuant to court order, counsel filed an affidavit addressing the claims. (State Hab65, 70-71.) In his affidavit, counsel testified, verbatim, as follows:

> 1) His allegation that there was not a valid warrant to take blood samples for DNA testing on April 28, 1999, I have reviewed Mr. Dent's recent amendment to his Writ filed August 12, 2004 wherein he has been aware that such warrant existed. Maybe Mr. Dent forgot that there was a warrant and that was why we did not challenge this allegation.

> 2) He contends that I was ineffective due to the fact that I did not file a motion in order to obtain an independent expert examiner for an independent analysis of the blood that was located in the car and on the deceased apartment door and door frame. That is correct I did not file a Motion for an independent examiner, and however this case was reviewed by an independent examiner. The independent DNA examiner's name is Dr. Bob Benjamin, Director of the University of North Texas Biology Department. I discussed this matter with Mr. Dent and informed him, that if we called Dr. Benjamin as an expert, his opinion would not be beneficial in our defense. We did not want the State of Texas knowing that we had consulted with an expert that would possible [sic] corroborate their experts.

7

As to the blood evidence on the door regarding a possible third person the jury was made aware of that and it was not beneficial to our client because the state's theory was more than one person was involved in disposing of the body.

With respect to the blood on the windshield the client and his girlfriend explained to me that it was his blood and gave a reason why his blood was on the windshield.  They informed me that she had driven the decedent's car and asked Mr. Dent to repair the car and Mr. Dent had injured his hand while working and that is why his blood was on the windshield.

3)  He also contends that I am ineffective because I did not call witnesses at his punishment phase.  This is not true because his family was present i.e. father, mother, sister and all were given an opportunity to testify on behalf of my client and chose not to because they did not feel that there was anything further to add.  Mr. Dent's alibi had been presented, the State had spoken with his family and everybody was aware of what his alibi was prior to trial.  The state challenged the alibi time line that we presented.  Then the Defendant was advised of his right to testify in both phases of the trial and chose not to.  (State Habeas R. at 70-71.)

Based on counsel's affidavit, the trial court entered findings of fact refuting Dent's allegations and found that Dent had failed to prove counsel's representation was deficient or that he was prejudiced as a result of the alleged misconduct.  (*Id.* at 73-79, 80A.)  Thereafter, the Texas Court of Criminal Appeals denied relief without written order on the trial court's findings.  *Ex parte Dent*, No. 60,661-01, cover.

Because Dent's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court.  *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 522 U.S. 825 (2004).  Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable.

*Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Assuming the state trial court's factual findings to be correct, the state courts' application of *Strickland* was neither erroneous nor objectively unreasonable. *See Bell*, 535 U.S. at 698. As previously noted, Dent has failed to demonstrate a meritorious Fourth Amendment claim. Thus, he cannot show deficient performance on the part of his counsel for allegedly failing to investigate and raise a Fourth Amendment claim.

As to his second claim, Dent attempts to discredit counsel's affidavit via the affidavits of his parents, in which they state that they were available and willing to testify at trial as alibi and character witnesses in each phase of the trial but were not called by counsel. (Pet'r Resp., Attachments.) These affidavits, which appear to have been received and filed by the state court clerk before Dent's state habeas application was received for filing, were filed in the underlying criminal case; thus, the state habeas court did not consider the affidavits in addressing Dent's claim. Nevertheless, the state habeas court is responsible for making credibility determinations and resolving any inconsistencies in counsel's affidavit. *See Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). The judge apparently accorded credibility to counsel's testimony that Dent's family members did not wish to testify at his trial, and this credibility determination is entitled to a presumption of correctness, absent clear and convincing evidence to the contrary. *See Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997); *Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). Even if the court were to assume that his parents' affidavits presented such evidence, Dent has not shown that but for counsel's omission, a reasonable probability exists that the result of his trial would have been different or that his punishment would have been significantly less harsh. The state presented overwhelming evidence of Dent's involvement in the offense, as well as evidence refuting

Dent's alibi, and the details of the murder were heinous.  *See Glover v. United States*, 531 U.S. 198,

200 (2001); *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002); *Spriggs v. Collin*, 993 F.2d 85,

88 (5th Cir.1993).

His third and fourth claims equally lack merit.  In an attempt to establish a possible defense

to the state's DNA evidence, counsel did obtain an expert DNA examiner to review the case.

According to counsel's affidavit, the examiner's opinion after reviewing the evidence would not

have been beneficial to the defense.  Furthermore, the decision to conduct testing on the blood

evidence of a possible third person was a matter of trial strategy.  Strategic choices made by counsel

after thorough investigation of the law and facts relevant to plausible options are virtually

unchallengeable.  *Strickland*, 466 U.S. at 690.  Counsel explained in his affidavit that the state's

theory of the case at trial, of which the jury was aware, was that more than one person was involved

in disposing of the body, therefore testing of the evidence would not have benefitted Dent–i.e.,

proven his innocence.  Thus, counsel's failure to test the blood evidence was a reasonable strategic

choice.

## II.  RECOMMENDATION

Dent's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 1, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 1, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 10, 2005.


    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

11